EASTERN DIS.
June, 1841.

DUCLERC,
vs.
CREBASSOL
ET AL.

## DUCLERC vs. CREBASSOL ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF

NEW ORLEANS.

Where the debtor makes a cession of his property which has been sequestered, it should be delivered up to the syndic to be sold; the privilege or claim of the suing creditor being preserved on the proceeds. The sequestration is consequently cancelled.

This is an action by a printer, instituted the 15th March, 1837, to recover from the defendants $1100. the price of a printing establishment, which he had sold them; also $484, for wages due him as a printer while in their employ, and damages. He had the printing establishment sequestered.

EASTERN DIS.    On the 20th March, only five days after the institution of this
June, 1841.    suit, the defendants made a surrender of all their property for
DUCLERC        the benefit of their creditors; including the printing establish-
vs.            ment.    The syndic obtained an order to sell the property; and
CREBASSOL      also a rule on the plaintiff to set aside *the sequestration* and
ET AL.         have the property delivered up to him.    This rule was made
absolute and the plaintiff appealed.

*Grivot*, for plaintiff, submitted the case, on the pleadings;
having been subsequently employed in the suit.

*Pepin*, contra.

*Simon, J.* delivered the opinion of the court.

Plaintiff, who is a printer, claims the payment of a sum of
eleven hundred dollars, being the price of his printing establish-
ment, which he sold to the defendants, and on which he alleges
to have the vendor's privilege; the sale was made in a note
payable at six months, which note never was furnished accord-
ing to the conditions of the contract.    He also sues to recover
the sum of four hundred and eighty-four dollars, as the amount
of his salary while he was under the employment of said de-
fendants, and three hundred dollars damages.

Before filing his petition, he obtained a writ of sequestration
of all the objects composing the printing establishment, in or-
der to secure the exercise of his legal privilege thereon.    A
short time after this suit was instituted, the defendants sued
their creditors for a surrender of property, and carried the pro-
perty sequestered on the schedule of their affairs; the cession
was accepted by the court, a meeting of the insolvents' credi-
tors took place, and a syndic was regularly appointed.

On the 26th of June, 1837, the syndic took a rule on the
plaintiff to show cause why the sequestration should not be set
aside, on the grounds: 1st, that the plaintiff was a partner of
the defendants, and consequently cannot maintain this action;
and 2d, that the property sequestered had been by them ceded
to their creditors.    The rule was made absolute, the order of

sequestration was cancelled, and the syndic was authorized to cause the printing office to be sold, in such a manner as to preserve to the plaintiff the exercise of his alleged rights upon the proceeds thereof. From this judgment the plaintiff appealed.

EASTERN DIS.
June, 1841.

DUCLERE
vs.
CREBASSOL
ET AL.

We think the parish judge did not err : we understand the object of the law in permitting a writ of sequestration to issue, to be the preservation of the property in dispute during the pendency of the suit; it is allowed as a conservatory measure to prevent a defendant from ill-using the property and from doing any act which may be prejudicial to the other party during the progress of the action, and previous to the decision of the cause; but it does not in any manner affect, increase or diminish the rights of either of the parties to the property sequestered. In this case, the matter in controversy was yet unsettled at the time that the defendants sued their creditors; according to the rule repeatedly recognized in our jurisprudence, the present suit was to be cumulated with the insolvents' proceedings, and the defendants having, by the cession, become incapable of appearing in court to defend this action, it became the duty of the syndic to intervene for the purpose of contesting the plaintiff's claim and of bringing it to a final and speedy adjustment. The acceptance of the cession by the judge, having the effect of vesting all the debtors' rights of property in the creditors, it is clear that the plaintiff could not any longer proceed to exercise his privilege, if any he have, on the property sequestered, and that the printing establishment in question having been delivered by the insolvents to their creditors, the same is to be sold by the syndic in due course of law for the benefit of the mass, the privilege of the vendor being preserved on the proceeds of the sale; if so, the order of sequestration preventing said sale became useless and must be rescinded, and the syndic ought to be allowed to sell the property sequestered as being a part of the insolvent estate, without prejudice to the rights which the plaintiff may have on its proceeds under the allegations set forth in his petition.

*Where the debtor makes a cession of his property which has been sequestered, it should be delivered up to the syndic to be sold ; the privilege or claim of the suing creditor being preserved on the proceeds. The sequestration is consequently cancelled.*

EASTERN DIS.
June, 1841.

COUNCIL
OF LAFAYETTE
vs.
KOHN.

We are of opinion that the order of sequestration was properly cancelled, so as to authorize the syndic to proceed to the sale of the property in dispute in the manner and with the reservations contained in the judgment appealed from.

It is therefore ordered, adjudged and decreed that the judgment of the Parish Court be affirmed with costs.